IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DEVONNIA HORNER                                                              PLAINTIFF

v.                             No. 3:23-cv-108-DPM

CHARLES WARREN and
JUDY WARREN                                                                  DEFENDANTS

ORDER

1.   Devonnia Horner complained to the Arkansas Fair Housing Commission in November 2020 about the Warrens. Leon Jones Jr., a lawyer, was the Commission's executive director during that time. He was involved with Horner's case before he left the Commission in March 2021. The Commission's cause determination and discrimination charge were drafted on his former letterhead with his signature line. And he sent emails to the assigned investigator and an Assistant Attorney General indicating his view that a charge was warranted. After Jones left, he began representing the Warrens in Horner's related HUD administrative action. His successor at the Fair Housing Commission, Ateca Foreman, objected and explained why. *Doc. 4-2*. The Commission eventually issued its charge of discrimination against the Warrens in September 2021.

Horner has now sued the Warrens. And Jones wants to represent the Warrens here, too. Horner moves to disqualify Jones based on his role in the parties' dispute when he was at the Commission.

2. The law disfavors motions to disqualify counsel; people are, in general, entitled to choose their own lawyer. *Macheca Transport Co. v. Philadelphia Indemnity Insurance Co.*, 463 F.3d 827, 833 (8th Cir. 2006). The party moving for disqualification has the burden of showing it's required. *Awnings v. Fullerton*, 912 F.3d 1089, 1096 (8th Cir. 2019). The Court applies the Arkansas Rules of Professional Conduct to disqualification matters. LOCAL RULE 83.5(e) (adopting the Model Federal Rules of Disciplinary Enforcement); *Park Apartments at Fayetteville, LP v. Plants*, 2018 Ark. 172, at 3, 545 S.W.3d 755, 757. In Arkansas, a lawyer who personally and substantially participated in a matter as a judge or other adjudicative officer cannot represent anyone in connection with that matter unless all parties have given informed consent. Ark. R. Pro. Conduct 1.12(a).

Jones was an adjudicative officer. Ark. R. Pro. Conduct 1.12, cmt. 1. The parties agree that the Commission is a "quasi-judicial" regulatory enforcement agency. *Doc. 4 at 1*. Arkansas law required Jones, as executive director, to determine whether reasonable cause existed before the Commission could issue a charge. ARK. CODE ANN. § 16-123-324. Jones is covered by Rule 1.12.

Jones also personally and substantially participated in Horner's case. He weighed the merits. *Floyd v. State*, 2016 Ark. 264, at 4-5, 495 S.W.3d 82, 85. Arkansas law required Jones to evaluate the facts, and consult with the Attorney General, before making a reasonable cause determination in Horner's case. ARK. CODE ANN. § 16-123-324(a). His legal obligation establishes his substantial participation. The Commission's records show his personal involvement. It's true that Jones left the Commission before it issued its formal charge against the Warrens. But his mid-proceeding job change does not erase Jones's deep involvement in the parties' dispute. In substance, and in appearance, it would be improper for Jones to continue representing the Warrens in this later stage of the parties' ongoing dispute. Ark. R. Pro. Conduct pmbl., cmt. 13A. "Our case law and our rules of professional conduct remind lawyers to be mindful of their duty to avoid even the appearance of impropriety." *Floyd*, 2016 Ark. at 8, 495 S.W.3d at 87 (BRILL, C.J., concurring).

\* \* \*

Horner's motion, *Doc. 4*, is granted.

So Ordered.

*W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

30 October 2023