# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DEVONNIA HORNER** **PLAINTIFF**

**v.** **No. 3:23-cv-108-DPM**

**CHARLES WARREN and**
**JUDY WARREN** **DEFENDANTS**

## ORDER

Horner prevailed on most of her claims and seeks an attorney's fee and costs, as allowed by law. 42 U.S.C. § 3613(c)(2); Fed. R. Civ. P. 54(d).

This was a straightforward case, a "she said/he said" dispute about an approximately thirty-minute encounter between a potential tenant and a landlord. The only pretrial motion was to disqualify the Warrens' first lawyer. Before suit was filed, the Arkansas Fair Housing Commission investigated and prepared a comprehensive report. After the suit began, basic discovery was done. Standard pretrial filings were made. The one-day bench trial included four witnesses and six exhibits. All the lawyers did a good job. The Court requested and received focused post-trial briefs on one rare issue: hostile environment claims for a single event. These short briefs were helpful.

Ms. Horner was well represented by Legal Aid of Arkansas. She seeks $105,160 in fees—380 hours of lawyer time at $275 per hour

and a few hours of paralegal time at $75 per hour. And she asks for $2,835.76 in costs—the filing fee, deposition-related costs, and travel expenses. The Court must award a reasonable fee. *Hensley v. Eckerhart*, 461 U.S. 424, 433–40 (1983); *Quigley v. Winter*, 598 F.3d 938, 956–59 (8th Cir. 2010). The starting point is the lodestar: the number of hours reasonably expended multiplied by a reasonable hourly rate. *Quigley*, 598 F.3d at 957.

A reasonable fee is far less than the request. This was a one-lawyer case, with allowance for some collaboration at the margin. For example, both co-counsel having left Legal Aid for other opportunities by the time the Court made its decision, another lawyer's preparation of the fee motion was reasonable. But two lawyers spending approximately 375 hours to work up and try this case was unnecessary. The Housing Commission had developed the dispute's bones. Some of the time (approximately ten hours) is recorded as "Spoke with Other". If this was collaboration among counsel beyond the "Legal Strategy Consultation" entries, there was too much of it. If this work was in pursuit of the pattern and practice claim, *Doc. 1 at 5*, which didn't pan out, the time is not recoverable. In addition, excessive amounts of time were spent on drafting and reviewing papers of various sorts (approximately ninety hours) and deposition preparation (approximately forty-four hours).

Adjusting for all the material circumstances, the Court concludes that eighty-five hours was a reasonable amount of lawyer time for getting this case to judgment. *Hensley*, 461 U.S. at 436–37. The additional 3.1 hours for the fee papers is reasonable. *Doc. 40-1 at 4*. And support from a paralegal is essential; the 8.8 hours at $75 per hour shows efficient work.

The hourly rate for counsel must also be reduced. $250 per hour tracks the market in Northeast Arkansas for work of moderate complexity by experienced lawyers. Here is the Court's lodestar calculation:

| | | | | | |
|---|---|---|---|---|---|
| Counsel | 88.1 hours | x | $250/hour | = | $22,025 |
| <u>Paralegal</u> | 8.8 hours | x | $75/hour | = | <u>$660</u> |
| **Lodestar**: | | | | | **$22,685** |

Last, the claims against Mrs. Warren and the federal/state speech claims failed. And although everything was mixed together, that circumstance justifies a small trim. *Hensley*, 461 U.S. at 434. The Court reduces the lodestar by 10% — the reasonable fee is $20,416.50.

The Court awards the filing fee and deposition costs. The depositions were necessary for Horner's case. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015). The Court recalls seeing counsel consulting deposition transcripts at trial. Travel expenses are not taxable costs under Rule 54 and the statute, 28 U.S.C. § 1920(2). But these out-of-pocket expenses are routinely billed to clients. The

Court reduces the amount claimed, though, by eliminating one lawyer's travel expenses for trial. The Court therefore awards the reduced amount as part of the reasonable fee.

Here's the final award:

| | |
|---|---|
| Attorney's Fee | $20,416.50 |
| Costs | $1,466.25 |
| Other Expenses Added to Fee | $804.07 |
| **Total** | **$22,686.82** |

*

Horner's motion for attorney's fees and costs, *Doc. 40*, is granted as specified.

So Ordered.

D.P. Marshall Jr.
United States District Judge

3 November 2026